IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Rev. Patrick Hugh Ronald Morrison,
"PATRICK HUGH MORRISON©",

   Plaintiff,

  v.

MAX WILLIAMS, et al.,

   Defendants.

Civil No. 05-776-BR

ORDER

BROWN, Judge.

  Plaintiff, an inmate at the Snake River Correctional Institution, brings this civil rights action *pro se*. Currently before the Court is Plaintiff's "Motion to Show Cause Why Defendants Should Not be Held in Contempt/Motion for a Temporary Restraining Order and/or a Preliminary Injunction." For the reasons that follow, Plaintiff's Motion (#9) is DENIED.

## BACKGROUND

In his Complaint, Plaintiff alleges Defendants violated his constitutional rights by removing funds from his prison trust account to pay sanctions imposed in prison disciplinary proceedings. Plaintiff's current motion does not pertain to these claims. Instead, Plaintiff seeks an order restraining prison authorities from transferring him or otherwise retaliating against him, and mandating that Plaintiff be granted access to the law library, legal documents, and computer disks.

## DISCUSSION

A party moving for a preliminary injunction may meet its burden by showing either (1) probable success on the merits and the possibility of irreparable injury; or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998), affirmed, 526 U.S. 489 (1999); Johnson v. California Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995).

These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. Roe, 134 F.3d at 1402. Even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits. Johnson, 72 F.3d at 1430.

As noted above, Plaintiff's complaint consists of allegations concerning the legality of disciplinary fines imposed against him. He does not allege any retaliation or denial of access claims. Because such claims are not at issue, Plaintiff cannot conceivably demonstrate a substantial likelihood of success on the merits of a denial of access claim such that mandatory injunctive relief would be warranted.

## **CONCLUSION**

Based on the foregoing, IT IS ORDERED that Plaintiff's Motion (#9) is DENIED.

IT IS SO ORDERED.

DATED this  17th day of November, 2005.

                          /s/ Anna J. Brown
                          ANNA J. BROWN
                          United States District Judge